UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Criminal No.
04-10236-NG

UNITED STATES OF AMERICA

v.

GREGORIO MELO-MEDINA

ORDER ON MOTION TO
CONTINUE FINAL STATUS CONFERENCE
AND
<u>ORDER ON EXCLUDABLE TIME</u>

September 24, 2004

COHEN, M.J.

Pursuant to Rules 7.1(d) and (e) of the Local Rules of this Court [effective September 1, 1990], and upon review of the relevant pleadings, the oral motion to continue the Final Status Conference is allowed subject to the excludable time order set forth below. The Final Status Conference is continued to a date to be agreed upon by the parties. Counsel for the respective parties shall file a Joint Memorandum addressing the matters set forth in LR 166.5(C)(1) through (9) before the close of business one day before the hearing.

This court finds and concludes, pursuant to the provisions of 18 U.S.C. §3161(h)(8) and Section 6(b)(8) of the Plan for Prompt Disposition of Criminal Cases in the United States District Court for the District of Massachusetts (Statement of Time Limits Adopted by the Court and Procedures for Implementing Them, Effective July 1,

1980), that the interests of justice - *i.e.*, in this case, to accommodate conflicting engagements of counsel[1] - outweighs the best interests of the public and the defendant for a trial within seventy days of the return of an indictment.

Accordingly, it is hereby ordered that, pursuant to the provisions of 18 U.S.C. §3161(h)(8) and Section 6(b)(8) of the Plan for Prompt Disposition of Criminal Cases in the United States District Court for the District of Massachusetts (Statement of Time Limits Adopted by the Court and Procedures for Implementing Them, Effective July 1, 1980), the Clerk of this Court enter excludable time, commencing Tuesday, September 28, 2004, and concluding on the date of the next conference.[2]

          /s/ LAWRENCE P. COHEN
          UNITED STATES MAGISTRATE JUDGE

---

[1] The conference was originally scheduled for the afternoon of September 28, 2004. Because of conflicting engagement of the court it was moved to the morning of September 28th. Counsel then advised the court that their conflicting engagements precluded a status conference on that date.

[2] The parties are hereby advised that under the provisions of Rule 2(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party may move for reconsideration by a district judge of the determination(s) and order(s) set forth herein within ten (10) days after receipt of a copy of this order, unless a different time is prescribed by this court or the district judge. The party seeking reconsideration shall file with the Clerk of this Court, and serve upon all parties, a written notice of the motion which shall specifically designate the order or part thereof to be reconsidered and the basis for the objection thereto. The district judge, upon timely motion, shall reconsider the magistrate's order and set aside any portion thereof found to be clearly erroneous in fact or contrary to law. The parties are further advised that the United States Court of Appeals for this Circuit has indicated that failure to comply with this rule shall preclude further appellate review. See Keating v. Secretary of Health and Human Services, 848 F.2d 271 (1st Cir. March 31, 1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-379 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also, Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466 (1985).